Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TRUSTEES FOR THE MASON TENDERS           :
DISTRICT COUNCIL WELFARE FUND,           :
PENSION FUND, ANNUITY FUND, and          :
TRAINING PROGRAM FUND, and JOHN J.       :
VIRGA, in his fiduciary capacity as Director, :
                                         :
             and                         :      Civil Action No.
                                         :
ROBERT BONANZA, as Business Manager      :
of the MASON TENDERS DISTRICT COUNCIL    :      ECF CASE
OF GREATER NEW YORK,                     :
             Plaintiffs,                 :
                                         :      **COMPLAINT**
       -against-                         :
                                         :
GENESUS ONE ENTERPRISES, INC.            :
                                         :
             Defendant.                  :
---------------------------------------------------------------x

The Trustees for the Mason Tenders District Council Welfare Funds, Pension Fund, Annuity Fund and Training Program Fund (hereinafter the "Funds") and the Mason Tenders District Council of Greater New York (the "Union" or "MTDC") which both have their principal place of business at 520 8th Avenue, Suite 600 and 650, New York, New York 10018, hereby bring the following allegations against GENESUS ONE ENTERPRISES, INC. ("the Company" or "Genesus" or "Defendant"), which maintains its principal place of business at 43-24 54th Road Suite 203, Maspeth, NY 11378. This is an action brought pursuant to Section 301(c) of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. Section 185 to confirm an arbitration award (the "Award") issued by Arbitrator Joseph Harris on July 30, 2016 in accordance with the grievance and arbitration terms set forth in a collective bargaining agreement and the written terms of the legally-established jointly trusteed Trust Agreements to which the Company is bound. The Action arises from the failure of the Company to timely pay monies owed pursuant to the Award. The Funds and the MTDC seek a judgment confirming the Award and ordering the Company to pay the Funds $33,747.37 in delinquent fringe benefit contributions, union dues and Political Action Committee ("PAC") contributions, current interest, liquidated damages, audit costs and arbitration costs.

## THE PARTIES

1.     Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1). The purpose of the Funds, among other things, is to provide fringe benefit to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their

principal place of business at 520 8th Avenue, New York, NY 10018. John Virga is the Director of the Funds.

2. The union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 USC § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018. Plaintiff the MTDC is a "labor organization" within the meaning of 29 U.S.C. Section 152(5). The MTDC maintains its principal place of business within this judicial district, at 520 8th Ave., Suite 650, N.Y., N.Y. 10018. Robert Bonanza is the Business Manager of the MTDC.

3. Defendant is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. Section 152(2). Its business address is 43-24 54th Road, Suite 203, Maspeth, NY 11378.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

5. Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. Section 185, because on information and belief the Company transacts business in this judicial district. Venue lies in this judicial district under 28 U.S.C. Section 1391(b), because the Funds and MTDC maintain offices in this judicial district and the arbitration proceeding was convened in this judicial district.

## STATEMENT OF FACTS

6. At all relevant times the Company was party to the MTDC Master Independent Collective Bargaining Agreement ("CBA"). David Turner, the Company's president, executed the CBA on its behalf.

7. The CBA establishes the terms and conditions of employment for all bargaining unit employees of the Company. The CBA requires the Company to pay contributions to the Funds for all employees covered by the CBA at the rates set forth therein. In addition to contributions owed the Funds at the rate set forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds pursuant to the CBA are also designated as the authorized collection agent for the MTDC and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

8. The CBA and the Trust Agreements require the contributions owed to the Plans to be paid weekly for all hours worked by employees covered under the agreement.

9. The CBA and Trust Agreements permit the Trustees of the Plans to take any legal action for the purpose of collecting the unpaid benefits from an employer including the commencement of arbitration proceedings against delinquent employers to seek allegedly delinquent contributions.

10. The CBA and Trust Agreements further provide that in the event legal action is taken, the Employer is responsible for:

    a. unpaid contributions;

    b.      interest on unpaid contributions determined by using the rate prescribed under 26 U.S.C. Section 6621;

    c.      an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

    d.      reasonable attorneys' fees and costs of the action;

    e.      such other legal or equitable relief as the court deems appropriate.

11. The CBA further provides that the Company agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements.

12. Defendant is an "Employer" as defined by the Trust Agreements. It is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBA.

13. The Trust Agreement further provides the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

14. In addition, pursuant to the Trust agreements, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

15. Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing a proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators.

16. A dispute arose concerning the Company's failure to meet obligations to make fringe benefit and other contributions to the Trust Funds pursuant to its CBA and the relevant Trust Agreements for the period October 31, 2014 through August 30, 2015 as based on a books and records examination conducted by the Funds' auditors.

17. Pursuant to the CBA and the Trust Agreements, the Funds on or around June 8, 2016 referred the dispute to Arbitrator Joe Harris for arbitration, who by letter dated June 16, 2016 scheduled a hearing in the matter for July 12, 2016.

18. The hearing was duly conducted on July 12, 2016. No representative appeared on behalf of Defendant. The arbitrator found Defendant had been duly noticed and proceeded with the matter as a default. The Funds submitted evidence in support of their claim including an auditor's report completed after a books and records examination of the Company. This report indicated that the Company owed the Funds for the relevant period of October 31, 2014 through August 30, 2015 some $25,280.44 in fringe benefit contributions, $1,910.83 in dues and PAC contributions, $1,067.40 in current interest. The Funds further requested the Defendant be ordered to pay ERISA liquidated damages, audit costs, attorney fees, and arbitration costs.

19. On July 30, 2016 the Arbitrator issued his Award ordering Defendant to pay the Funds a total of $33,747.37 comprising delinquent contributions, dues and PAC, current interest, liquidated damages, audit costs, attorney fees and arbitrations costs.

20.     Since the issuance of the Award, no payments have been made against the Award from the Company or any other. Petitioners pray for an Order confirming and enforcing the Award in its entirety, and directing the entry of Judgment against Defendant in favor of the Union and the Funds in the amount of $33,747.37 with statutory interest to accrue from the date of the entry of Judgment.

Dated: July 26, 2017
      New York, NY

By: _____/ks_____

Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org

# ATTACHMENT

OFFICE OF THE IMPARTIAL ARBITRATOR
------------------------------------------------------------

In the Matter of the Arbitration Between

TRUSTEES OF THE MASON TENDERS DISTRICT
COUNCIL FRINGE BENEFIT FUNDS and MASON
TENDERS DISTRICT COUNCIL OF GREATER NEW
YORK   (Funds)

          OPINION AND DEFAULT AWARD

          Joseph A. Harris, Ph.D.
          Impartial Arbitrator

-and-

GENESUS ONE ENTERPRISE INC.   (Defendant)
------------------------------------------------------------

Appearances:

For the Funds:
    Haluk Savci, Esq.        Associate General Counsel, MTDC
    Dominick Giammona     Mason Tenders Trust Funds

For the Employer:
    No One

The Defendant and the Funds are bound by the terms of the MTDC "Master Independent Collective Bargaining Agreement 2014-2017." (F-1) On behalf of the Defendant Company and in his personal capacity, President David Turner signed the BCA as of July 1, 2014. Mr. Turner also signed the "Amendment to the Independent Collective Bargaining Agreement 2014-2017" on November 3, 2014. (F-1)

The Funds sent me a "Notice of Intention to Arbitrate," dated June 8, 2016, and requested that I conduct an arbitration regarding:

> Delinquent fringe benefit contributions and other contributions due to the Funds and the District Council pursuant to the provisions of the collective bargaining agreement between GENESUS ONE ENTERPRISE INC. and the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK as determined by an audit for the period 10/31/2014 through 08/30/2015 in the amount of $25,280.44 in addition to dues and PAC contributions in the amount of $1,910.83, $1,853.90 in audit fees, and statutory interest in the amount of $1,067.40 as of 06/07/2016 for a total of $30,112.57.

1

On June 16, 2016, I sent an e-mail, a Registered letter, and a First Class letter to each Party, informing them that the Arbitration on the above matter would be held on July 12, 2016 at the Funds office in New York City. My e-mail did not bounce back. My First Class letter to the Defendant was not returned by the US Postal Service; my Certified Letter to the Defendant to the same address was "not claimed by the addressee at the post office," according to the US Postal Service tracking report.

On July 12, 2016, Mr. Savci appeared. No representative of the Defendant appeared, and I did not receive any communication from the Defendant on or before that date. I then proceeded to conduct the Hearing as a Default hearing.

The Funds entered the following exhibits into the record and explained them:

Funds Exhibit 1 (F-1) –Master Independent Collective Barg. Agreement 2014-2017 and Amendment

Funds Exhibit 2 (F-2) – Payroll Audit performed by Schultheis & Panettieri LLP for period October 31, 2014 – August 30, 2015. USPS Certified Mail Delivery failure: "Undeliverable as addressed; unable to forward." Demand for payment letters.

Funds Exhibit 3 (F-3) - Funds' Deficiency Report for audit period 10/31/14 – 08/30/15: Sept. 1, 2015 – Dec. 31, 2015, with current interest calculated.

The Deficiency Report (F-3), based on the Payroll Audit (F-2), concludes that the Defendant owes fringe benefits, dues and PAC, current interest, and audit cost totaling $30,112.57. The Funds testified credibly that all of its exhibits were accurate.

The Funds ask the Arbitrator to rule that the Defendant owes these claimed moneys, plus damages (double current interest owed), plus the Funds' legal fees of $500.00, plus pro-rated Arbitrator fees.

2

## AWARD

Based on the substantial and credible evidence presented at the hearing, the undersigned finds the Defendant owes delinquent fringe benefits, dues and PAC contributions, current interest on delinquent Fringe Benefits payments, audit cost, and damages to the Funds and to the District Council. In addition, the Defendant owes Funds' legal fees and pro-rated arbitrator fees. GENESUS ONE ENTERPRISE INC. and David Turner, in his Personal Capacity, shall pay to the Funds the total of the Items below:

**Audit Period (10/31/14 – 08/30/15)**

| | |
|---|---|
| Delinquent Contributions for Fringes | $ 25,280.44 |
| Delinquent Contributions for Dues & PAC | 1,910.83 |
| Current Interest | 1,067.40 |
| Audit Cost | 1,853.90 |
| Damages (Double Outstanding Current Interest) | 2,134.80 |
| Funds Legal Fees | 500.00 |
| Pro-Rated Arbitrator Fees (Prorated Daily Rate + Writing) | 1,000.00 |
| **TOTAL OWED** | **$33,747.37** |

The total award is effective upon receipt and payable within 10 days of receipt.

Date: July 30, 2016

*[Signature: Joseph A. Harris]*
JOSEPH A. HARRIS, PH.D.
Impartial Arbitrator

cc. MTDC Funds (lgonzalez@masontenders.org) and Genesus One Enterprise Inc. (office@genesusconstruction.com)

STATE OF NEW YORK )
COUNTY OF NEW YORK )

The Undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with the arbitration law of the State of New York.

*[Signature: Joseph A. Harris]*

3